WASHINGTON MINT, Plaintiff,

v.

UNITED STATES POSTAL
SERVICE, Defendant.

Civil No. 92–2837 (HHG).

United States District Court,
District of Columbia.

Sept. 21, 1994.

Marion Edwyn Harrison, Falls Church, VA, for Washington Mint, Inc., Frederic L. Berg.

Stacy M. Ludwig, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

The Court held a hearing in June, 1993 on the parties' cross-motions for summary judgment in this case, which involves a challenge to a Cease and Desist order issued by the Postal Service. The plaintiff, Washington Mint, claims that the Cease and Desist order was not supported by the evidence, that Washington Mint was improperly denied a hearing, and that the Judicial Officer who

issued the order did not have the authority to decide this type of matter. Defendant, the United States Postal Service, argues that the Order was supported by the evidence, plaintiff's due process rights were not violated when it was denied a hearing and the Acting Judicial Officer did have authority to render a decision. For the following reasons and in consideration of the testimony and evidence offered at the hearing and in the parties' filings, the Court will deny plaintiff's motion for summary judgment and will grant defendant's motion for summary judgment.

## I

The plaintiff, a mail order corporation which makes oversize replicas of United States coins [1], seeks to enjoin an order by the Postal Service which held that the plaintiff's advertisements violate a previous Cease and Desist order entered against the Washington Mint by the USPS in June 1989.

In April, 1988 the Post Office initiated administrative proceedings against the Washington Mint alleging that its advertisements violated 39 U.S.C. § 3005, which prohibits the use of the mail to engage in schemes by means of false representations. The initial complaint was dismissed by an administrative law judge in January, 1989, but the ALJ's decision was reversed on administrative appeal by the acting Judicial Officer. Accordingly, the acting Judicial Officer issued a Cease and Desist order against the plaintiff prohibiting it from falsely representing that it or its product is affiliated in any way with any government agency or that the "coins" sold are legal tender. The Cease and Desist order also required that the plaintiff's advertisements specifically state, in each instance where the word "pound" appears, whether the reference is to avoirdupois or troy pounds.[2]

The Washington Mint sought judicial review of this administrative decision in the this Court. Judge Oberdorfer upheld the acting Judicial Officer's decision on July 24,

1990 and this ruling was summarily affirmed by the Court of Appeals on June 12, 1991.

Having exhausted all available judicial remedies, the plaintiff generated new advertising for its products, which it claims complied the Cease and Desist order. The new ads are very similar to the original versions, although some changes were made in the text of the ads.

The current phase of this litigation arose out of the USPS' administrative petition for supplemental orders with the Judicial Officer in April, 1992. This action was taken because of concerns that the plaintiff's modified advertisements still violated the Cease and Desist order. On May 15, 1992 the plaintiff filed an answer to the petition and requested a hearing on whether the new ads violated the Cease and Desist order. The request for a hearing was denied, and after the parties were given the opportunity to supplement the record, the acting Judicial Officer found that the new ads were in violation of the existing order. Consequently, a new mail stop order was issued on November 27, 1992 covering the new addresses being used by the plaintiff. On December 17, 1992 the plaintiff brought suit in this Court seeking to enjoin USPS from enforcing this order. Both parties then filed motions for summary judgment, and a hearing was held thereon.

## II

There are few, if any, facts in dispute with respect to the plaintiff's claims. On the merits, it appears that, although changes were made in the advertisements, substantial evidence exists to support the acting Judicial Officer's conclusion. Additionally the plaintiff has failed to demonstrate that a hearing on the USPS' supplemental petition would have been of any value. The final issue, the acting Judicial Officer's authority, presents a closer question on which there is little precedent. However, the Court concludes that the acting Judicial Officer did have the authority to render his decision.

---

**1.** The plaintiff markets medallions, which are called Giant Half–Pound Silver Eagle Coins and Giant Silver Eagle One–Pound Silver Proofs. These medallions sell for $129 and $249 respectively.

**2.** A troy pound contains 12 ounces as opposed to the avoirdupois pound which contains 16 ounces.

### a. Evidence of Violations

The Postal Service is authorized to issue mail stops and Cease and Desist orders upon evidence "that any person is engaged in conducting a scheme or device for obtaining money or property through the mail by means of false representations ..." 39 U.S.C. § 3005(a) (1993). Under the APA, a determination by the USPS that a violation has occurred may be set aside if it is arbitrary and capricious, 5 U.S.C. § 706(2)(A), or if it is not supported by substantial evidence. 5 U.S.C. § 706(2)(E).

The USPS power to enforce this statute "may not be interfered with unless it has exceeded its authority or is palpably wrong." *American Testing Inst. v. United States Postal Serv.*, 579 F.Supp. 1345, 1348 (D.D.C.1984) (citations omitted). Where the entire record evinces substantial evidence supporting the USPS decision and no errors of law were made, that ruling should be affirmed. *Id.*, at 1349. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. National Labor Relations Bd.*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). Substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence" does not preclude a finding that the agency decision was supported by substantial evidence. *Consolo v. Federal Maritime Comm.*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966). In conducting this analysis, the Court should give substantial deference to the agency's determination. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *N. Van Dyne Advertising Agency, Inc. v. United States Postal Serv.*, 371 F.Supp. 1373, 1375–76 (S.D.N.Y. 1974).

In this case the acting Judicial Officer concluded that Washington Mint's new advertisements violated the existing Cease and Desist order. The question of whether an ad contains misrepresentations is judged by the impressions they would most probably produce in the minds of ordinary people. *Donaldson v. Read Magazine Inc.*, 333 U.S. 178, 189, 68 S.Ct. 591, 597, 92 L.Ed. 628 (1948). That sophisticated readers might be able to decipher the true nature of an ad is not a bar to a finding of fraud. *Id.* What is critical is the "ultimate impression upon the reader [which] results not only from what is stated but also from what is reasonably implied." *N. Van Dyne Advertising Agency, Inc., supra*, 371 F.Supp. at 1376 (citations omitted).[3] In support of the Judicial Officer's decision, the defendant highlighted the numerous similarities between the old and the new ads. Although plaintiff did alter the text to some extent, both sets of advertisements state that the coins are of "limited issue", use the words "mint", "proof", and "strike" repeatedly, and in several instances only changed a few adjectives in an effort to comply with the Cease and Desist order.

Other evidence supporting the Judicial Officer's decision is the use of a Pennsylvania Avenue mailing address in Washington, DC, the similarity of the product to the real U.S. Silver American Eagle Silver Bouillon coin, and the use of phrases such as "historic first strike" and "The Washington Mint."

In upholding the first Cease and Desist order, Judge Oberdorfer relied on "the whole ambience" of the ad including the use of the name "the Washington Mint," the D.C. address, the references to limited advance release and other similar misleading aspects of the advertisement. *Washington Mint v. United States Postal Serv.*, Civ. No. 89–3162 (D.D.C. July 24, 1990).

Finally, although the new advertisements distinguish between troy and avoirdupois pounds in some instances, they clearly do not

---

3. The plaintiff argues that the USPS must prove the ads are false instead of merely deceptive. This argument fails for two reasons. First, the supplement order was aimed, in part, at prohibiting false representations (e.g. Washington Mint is affiliated with the government) in the new advertisements. Second, "advertisements as a whole may be completely misleading although every sentence separately considered is literally true" because they are composed or printed in such a way as to mislead. *American Genealogies, Inc. v. United States Postal Serv.*, 717 F.Supp. 895, 897 (D.D.C.1989), citing *Donaldson, supra*, 333 U.S. at 188–89, 68 S.Ct. at 597.

make this distinction in all places where the word pound appears, as is required by the original Cease and Desist order.[4]

■ The plaintiff repeatedly emphasizes in both its pleadings and at the hearing that it has received no complaints from customers who were confused about the product they were purchasing or the Washington Mint's connection with the U.S. government.[5] The existence of customer complaints, while evidence that ads are misleading, are not necessary to prove a violation of postal regulations. *Farley v. Heininger*, 105 F.2d 79, 84 (D.C.Cir.), *cert. denied*, 308 U.S. 587, 60 S.Ct. 110, 84 L.Ed. 491 (1939); *Baslee Products Corp. v. United States Postal Serv.*, 356 F.Supp. 841 (D.N.J.1973). The decisive factor is not whether any one complains of fraud or was in fact defrauded but whether the mails are being used to project a scheme. *Farley, supra*, 105 F.2d at 84.

Despite plaintiff's allegations of selective enforcement, substantial evidence exists supporting the acting Judicial Officer's conclusion that the ads violate the existing Cease and Desist order. Were this Court examining the issue *de novo* a more searching examination might be necessary, but under the deferential standard of review, the agency's decision will be affirmed.

b. Denial of Hearing

Under postal regulations, the Judicial Officer, upon a petition for issuance of a supplement order, may hold an evidentiary hearing to consider issues in controversy "for good cause shown." 39 C.F.R. § 952.30 (1993). The defendant claims that no hearing was necessary because the question of whether the new advertisements violated the Cease and Desist order could be determined solely by examining the ads. Moreover, the plaintiff was allowed to supplement the record with whatever additional materials it intended to introduce at a hearing.

The plaintiff contends that the denial of a hearing violated its due process rights especially in light of expert testimony it wanted to introduce at such a hearing.[6] This testimony would presumably have elaborated on a questionnaire the plaintiff sent to half its customers trying to gauge the extent to which the ads engendered confusion. This survey is of questionable empirical value given the format and wording of the questions.[7]

Putting aside the questions of methodology, this survey only solicits opinions from customers of the plaintiff as opposed to the ordinary reader to whom the ad is directed. It is the impact of the ads on the ordinary reader which is the focus of the USPS's concern. *Donaldson v. Read Magazine*, 333 U.S. 178, 189, 68 S.Ct. 591, 597, 92 L.Ed. 628 (1948).

■ Due process requires that a person be provided "the opportunity to be heard at a meaningful time in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (citations omitted). The Supreme Court has identified three factors to be analyzed in determining whether the participation accorded an individual comports with due process. These factors are (1) the private interest that will be affected by the official action, (2) the risk of erroneous deprivation of such interest through the procedure used and the

4. Of the twenty times where the word "pound" appears in the two new advertisements, the plaintiff only distinguishes between avoirdupois and troy pounds in four instances.

5. The plaintiffs also argue that it was arbitrary and capricious for the USPS to find that these ads contain misrepresentations when numerous ads for comparable products use similar language, often without any disclaimers. To support this contention the plaintiff has supplied a chart detailing the ads used by other manufacturers and distributors. The defendant is correct that this is irrelevant to this particular proceeding. What is relevant is whether substantial evidence exists which establishes that plaintiff's

current advertising violates the 1989 cease and desist order.

6. The testimony of the expert whom the plaintiff wanted to call at an evidentiary hearing was found to be not credible at the original administrative hearing. Administrative Record, at 29–30.

7. For example, the response that the plaintiff hoped respondents would choose when questioned about the Washington Mint's relationship with the government was partially underlined. 97% of the respondents selected this choice.

value of additional safeguards, and (3) the government's interest, including the fiscal and administrative burdens of additional procedures. *Id.*, at 333.

██ The defendant argues that the plaintiff's interest in these particular ads is minimal since the Washington Mint remains free to market its products through other means. This argument is somewhat weak given that plaintiff has a vested interest in using the ads it has found to be most effective in selling these medallions. Moreover, it has made an investment in creating and developing these advertisements.

With regard to the value of a second hearing, the defendants correctly note that a comparison of the two ads is the best method of determining whether the new advertisements violate the Cease and Desist order. A new hearing would have offered the acting Judicial Officer with little new information.

The Ninth Circuit, dealing directly with the question of whether a hearing was necessary on the Postal Service's petition for supplemental Cease and Desist orders, has held that such hearings are not always necessary. *Kirby v. Shaw*, 358 F.2d 446, 450 (9th Cir. 1966). Although hearings are generally favored, they are not required "where it clearly appeared from the administrative record that there was no genuine issue of material fact." [8] *Id.* While plaintiff argues that it should have been given the opportunity to distinguish the new ads at a hearing, the claimed necessity of a hearing is undermined by the plaintiff's own statement that the survey results demonstrate the clarity of ads "even without the aid of expert oral testimony." Plaintiff's Motion for Summary Judgment, at 3.

Additionally, the applicable regulation provides for a hearing in this matter "for good cause shown." *See* 39 C.F.R. § 952.30. The purpose of this regulation is to prevent repetitive and unnecessary hearings. Here, plaintiff already had a hearing on the underlying issue in this case. A strong argument exists for a second hearing being simply duplicative and thus not meaningful.

Regarding the third factor to be balanced, the government has a significant interest in protecting consumers by preventing the use of advertising that is false and misleading in the mails. Additionally, while the expense would likely not be great, a full evidentiary hearing for plaintiff when it already had a hearing on the underlying issue in this case would cost something.

The Court concludes, considering the three *Eldridge* factors, that plaintiff's due process rights were not not violated when the acting Judicial Officer declined to grant plaintiff's request for a hearing.

c. Authority of the Acting Judicial Officer

The plaintiff contends that the acting Judicial Officer who determined that the Washington Mint's new ads violated the Cease and Desist order did not have the authority to issue a final agency decision.[9] The acting Judicial Officer in this case was a member of the Postal Service's Board of Contract Appeals.

██ Under the statute, the Judicial Officer is appointed by and serves at the pleasure of the Postmaster General. He or she is the entity which renders final agency decisions for purposes of the APA. 39 U.S.C. § 204 (1980). This statute does not specifically authorize the Judicial Officer to delegate his or her authority. However, under these regulations, postal officials are authorized to delegate their responsibilities except as otherwise prohibited by law or regulation. 39 C.F.R. § 222.4(a)(1). Under Postal regu-

---

8. In *Kirby*, the issue was whether the manufacturer's alterations of a product's ingredients vitiated a previous finding that the ads were deceiving. The need for an evidentiary hearing in that situation differs from the facts of this case where only the text of the ad was modified. Despite this difference, the case is instructive in that the appropriate standard to use is whether there is any genuine issue of material fact. Here, there is not.

9. Plaintiff's counsel noted in the filings and at the hearing that he was an attorney at the Post Office at the time of the enactment of 39 U.S.C. § 204 and had been at meetings where the purpose of the statute was discussed. While this may be so, the Court is obliged to follow the case law and as such, it cannot credit Mr. Harrison's historical digression with as much weight as it might otherwise deserve.

lations, heads of groups, functions or offices at headquarters are authorized to redelegate any authority vested in them. *Id.* Where an officer is acting in the absence of his or her principal, that officer has the full authority vested in the principal. 39 C.F.R. § 222.3(a). In this case, there is no law or regulation prohibiting the delegation of this power to the acting Judicial Officer.

 The defendant's position that this delegation was proper is consistent with case law which states that the lack of a specific grant of power to delegate does not necessitate the conclusion that a delegation is unlawful. *Fleming v. Mohawk Wrecking and Lumber Co.,* 331 U.S. 111, 119–23, 67 S.Ct. 1129, 1133–35, 91 L.Ed. 1375 (1947); *Tabor v. Joint Bd. for Enrollment of Actuaries,* 566 F.2d 705, 708 n. 5 (D.C.Cir.1977). In numerous cases the fact that an acting Judicial Officer decided a Cease and Desist order was accepted without comment by the Court of Appeals. *See Environmental Defense Fund v. Environmental Protection Agency,* 598 F.2d 62, 74 (D.C.Cir.1978); *Kurzon v. United States Postal Serv.,* 539 F.2d 788, 793 (1st Cir.1976); *Friedlander v. United States Postal Serv.,* 658 F.Supp. 95 (D.D.C.1987). Under the APA, the agency employee who makes an initial agency adjudication must not be subject to the supervision of the employee performing prosecutorial functions for the agency. 5 U.S.C. § 554(d)(2).

To be sure, there is no case law on the specific question of whether an "acting" Judicial Officer has the authority to enter these types of orders. However, the law, as reflected by the cases, statutes and regulations mentioned above, points to the general proposition that delegation is not improper absent an express limitation on that power. The Court is not inclined to begin carving out an exception to this general proposition—an exception that appears on its face to be contrary to the plain language of the USPO's own regulations. Further, as mentioned above, the Court is not to interfere with USPS's power to enforce its determinations unless it has exceeded its authority or is palpably wrong. *See American Testing Inst. v. United States Postal Serv.,* 579 F.Supp. 1345, 1348 (D.D.C.1984). It is not apparent

that by having an acting Judicial Officer render a final agency determination, the USPS exceeded its authority or was palpably wrong. The Court will therefore defer on this issue to the USPS.

In consideration of the above, it is this 21st day of September, 1994

ORDERED that defendant's motion for summary judgment be and it is hereby granted, and it is further

ORDERED that plaintiff's motion for summary judgment be and it is hereby denied, and it is further

ORDERED that judgment be entered in favor of defendant.